PER CURIAM.
Appellee (wife) and appellant (husband), while engaged in a dissolution of marriage proceeding in the Circuit Court of Palm Beach County, agreed that, if the wife would file a voluntary dismissal of said suit, either party would thereafter be free to commence dissolution proceedings if so advised, and counsel for the other party would accept service of process in said new suit. Accordingly, that case was voluntarily dismissed; however, on June 21, 1989, the wife filed the present suit for dissolution of the marriage and attempted service of process on the husband’s counsel, only to be advised that the husband had with *809 drawn the lawyer’s authority to accept service. Nevertheless, on October 3,1989, the husband sent a letter to the trial judge in which he referenced his prior July 26,1989, letter and apprised the court of the wife’s institution of a new suit. The letter contained the docket number of the old and new suit and in some detail described various aspects of the litigation. The husband acknowledged that he would probably have to retain a new lawyer to file a counterpetition and take discovery depositions. No objection to the court’s jurisdiction was voiced. The trial court treated the letter as an appearance and answer to the complaint and, in due course, sent notice of a trial date to appellant at the post office address furnished by appellant on the envelope containing his October 3rd letter. Appellant did not appear for the final hearing, but the wife and counsel did and the matter proceeded to final judgment, rendered February 20, 1990, in which the court made an equitable distribution of the marital assets of the parties and awarded the wife $1,000 per month alimony. Twenty-one days later, appellant, through counsel, filed a motion to dismiss, set aside and quash the final judgment, wherein he contended that he had not been served with process nor had he received notice of the trial date. He contends in said motion that the trial court erred in awarding 90 percent of the marital assets and 60 percent of the husband’s income to the wife, which leaves the retired husband, who is sixty-five years of age, with insufficient funds to support himself. The wife, of course, claims the disparity in the distribution of assets is not nearly so great. The husband’s motion was denied, the trial court stating, among other things:
A) Respondent’s letter dated October 3, 1989 (docket entry number 16) was properly treated as his answer. It denied the allegations of Petitioner’s “latest petition” (the present case and second action between the parties) by describing them as lies, misstatements and exaggerations. It also indicated his intention to file a Counterpetition (although he never did so).
B) Copies of Petitioner’s Motion to Set Cause for Trial (docket entry number 20) and the Court’s Order Setting Trial (docket entry number 23) were both sent to Respondent at the return address he provided on the envelope containing his October 3, 1989 answer.
From our study of the record and briefs we conclude that the trial court did not err in treating the October 3, 1989, letter as an answer. In forwarding that letter to the trial judge, appellant placed his ostensible return address on the envelope, which address was used by the court in forwarding copies of notices and court orders to appellant. Under these circumstances, appellant had his opportunity to be present at trial, but chose not to appear. In view of the foregoing, together with the fact that there is no transcript of what transpired at the final hearing, appellant cannot demonstrate reversible error in the judgment crafted by the trial court. Said judgment is therefore affirmed.
DOWNEY, WARNER and FARMER, JJ., concur.